Slip Op. 08-67

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | |
| Plaintiff, | Before:    WALLACH, Judge |
| | Consol. Court No.:   07-00378 |
| v. | |
| | **PUBLIC VERSION** |
| UNITED STATES, | |
| Defendant, | |
| and | |
| THAI I-MEI FROZEN FOODS CO., LTD., et al., | |
| Defendant-Intervenors. | |

[Defendant-Intervenor's Partial Consent Motion to Modify Preliminary Injunction is DENIED]

Dated: June 13, 2008

Dewey & Leboeuf LLP (Bradford L. Ward) and (David A. Bentley) Counsel for Plaintiff Ad Hoc Shrimp Trade Action Committee

Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; (Stephen C. Tosini) Acting Attorney Commercial Litigation Branch Counsel for Defendant, United States.

Steptoe & Johnson LLP (Eric C. Emerson) and (Michael T. Gershberg) Counsel for Defendant-Intervenor Thai I-Mei Frozen Foods Co., Ltd

Thompson Hine LLP, (Gregory Husisian) Counsel for Defendant-Intervenor Surapon Nichirei Foods Co., Ltd. and Nichirei U.S.A., LLC

## OPINION

**Wallach, Judge**

## I
## INTRODUCTION

Defendant-Intervenor Thai I-Mei Frozen Foods Co. Ltd. ("Thai-I-Mei") has moved for a modification of a preliminary injunction previously entered by this court on November 26, 2007 ("2007 Injunction"). Defendant-Intervenor asks this court to remove its entries of certain frozen warmwater shrimp shipped between August 4, 2004 and January 31, 2006 from the scope of the 2007 Injunction. The court has the power to grant the requested relief pursuant to 19 U.S.C. §1516a(c)(2) and USCIT R. 65(a). See also SKF Inc. v. United States, 28 CIT 170,182, 316 F.Supp. 2d 1322, 1334 (2004). Defendant-Intervenor's Partial Consent Motion to Modify the Preliminary Injunction ("Defendant-Intervenor's Motion to Modify") is DENIED, for failure to meet the burden of establishing a change in circumstances which is necessary for the court to modify a preliminary injunction. Aimcor, Ala. Silicon, Inc. v. United States, 23 CIT 932, 939, 83 F. Supp. 2d 1293, 1298-99 (1999) (citing Favia v. Ind. Univ. of Pa., 7 F.3d 332, 340 (3d Cir. 1993)).

## II
## BACKGROUND

Plaintiff Ad Hoc Shrimp Trade Action Committee, requested, on November 21, 2007, an order from this court enjoining, during the pendency of this action, the liquidation of entries into the United States of certain frozen warmwater shrimp from Thailand that: (1) are covered by Certain Frozen Warmwater Shrimp from Thailand: Final Results and Final Partial Rescission of Antidumping Duty Administrative Review, 72 Fed. Reg. 52,065 (Sept. 12, 2007) ("Final

Results"); (2) were entered, or were withdrawn from warehouse for consumption on or after August 4, 2004, through and including January 31, 2006; and (3) were produced and/or exported by any of the following exporters: Good Luck Product Co., Ltd., Thai I-Mei Frozen Foods Co., Ltd. (Defendant-Intervenor), Fortune Frozen Foods (Thailand) Co., Ltd., and Surapon Nichirei Foods Co., Ltd. Plaintiff's Consent Motion for Preliminary Injunction to Enjoin Liquidation of Certain Entries ("Plaintiff's Consent Motion for Preliminary Injunction"). In its Consent Motion, Plaintiff presented to the court sufficient evidence of all of the factors necessary for the court to grant a preliminary injunction as established by Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983).[1] Plaintiff's Consent Motion for Preliminary Injunction at 2-6. Upon review of the arguments set forth by Plaintiff, the court issued a preliminary injunction on November 26, 2007. Order Granting Plaintiff's Consent Motion for Preliminary Injunction at 1 (November 26, 2007). On January 4, 2008, the court permitted Defendant-Intervenor to intervene as a matter of right in this case. Order Granting Defendant-Intervenor's Motion to Intervene Admittance at 1(January, 4, 2008). On January 18, 2008, Defendant-Intervenor filed a partial consent motion seeking to modify the 2007 Injunction. ("Defendant-Intervenor's Motion to Modify"). Defendant-Intervenor brought to the court's attention the fact that Plaintiff, in its Consent Motion for the 2007 Preliminary Injunction, had not made the court aware of an existing order enjoining the liquidation of Defendant-Intervenor's entries of certain frozen warmwater shrimp made between August 4, 2004 and January 31, 2006, issued by this court in 2005 in the

---

[1] A party seeking injunctive relief bears the burden of establishing that: (1) absent the requested relief, it will suffer immediate irreparable harm; (2) there exists in its favor a likelihood of success on merits; (3) the public interest would be better served by the requested relief; and (4) the balance of the hardships on all parties tips in its favor. Zenith Radio Corp. v. United States, 710 F.2d at 809; Bomont Indus. v. United States, 10 CIT 431, 434, 638 F. Supp. 1334, 1337 (1986).

case <u>Thai I-Mei Frozen Foods Co., Ltd. v. United States,</u> CIT Court No. 05-00197 (the "2005 Injunction"). <u>Id.</u> at 2-3. Defendant-Intervenor argues that the court granted Plaintiff's Consent Motion for Preliminary Injunction, in part, as a result of Plaintiff's failure to raise the 2005 Injunction. <u>Id.</u> at 3. Defendant-Intervenor takes the position that but for this failure, Plaintiff's omission to the court regarding the 2005 injunction, Plaintiff would have not have been able to make the required showing under each of the four <u>Zenith</u> factors and thus was not entitled to injunctive relief with respect to Defendant-Intervenor's entries. <u>Id.</u> at 4. Defendant-Intervenor argues that Plaintiff has not established that sufficient irreparable harm that would occur without the 2007 injunction, and as a result, Plaintiff did not satisfactorily prove its need for a preliminary injunction with respect to its entries. <u>Id.</u> Accordingly, Defendant-Intervenor asks the court to modify the 2007 Injunction by limiting its scope so that no longer applies to Defendant-Intervenor's entries.

## III
## DISCUSSION

### A
### The Court Correctly Issued the 2007 Injunction in Accordance with the <u>Zenith</u> Factors.

Injunctive relief is an "extraordinary remedy" to be granted sparingly. <u>Weinberger v. Romero - Barceló</u>, 456 U.S. 305,102 S. Ct. 1798, (312, 72 L. Ed. 2d 91),(1982); <u>FMC Corp v. United States</u>, 3 F.3d 424 427 (Fed Cir. 1993). However, there are circumstances that do merit injunctive relief before trial. To be granted injunctive relief, the movant bears the burden of establishing that (1) absent the requested relief, it will suffer immediate irreparable harm; (2) there exists in its favor a likelihood of success on the merits; (3) the public interest would be better served by the requested relief; and (4) the balance of the hardships on all parties tips in its

favor. Zenith Radio Corp, 710 F.2d at 809.  Plaintiff successfully proved all four of the required factors to the court's satisfaction. Order Granting Plaintiff's Consent Motion for Preliminary Injunction at 3-5.  Upon these showings, the court granted Plaintiff's Consent Motion. Id.

Defendant-Intervenor claims that the 2007 Injunction should be modified to exclude Defendant-Intervenor's entries given Plaintiff's failure to raise the 2005 Injunction; according to Defendant-Intervenor, this failure invalidates Plaintiff's position with respect to "irreparable harm," the first of the four Zenith factors. Defendant-Intervenor's Motion to Modify at 4; Defendant-Intervenor's Reply in Support of Partial Consent Motion to Modify Preliminary Injunction ("Defendant-Intervenor's Reply") at 2.  Furthermore, Defendant-Intervenor argues that Plaintiff must again prove the immediacy of irreparable harm in order to keep the 2007 Injunction intact. Id. at 3-5.

The Plaintiff, having met its burden of persuasion (the four Zenith factors) initially in order to receive the 2007 Injunction does not have to convince the court again of its necessity. SKF USA Inc. v. United States, 28 CIT at 182. ("The court, however is not persuaded that the Plaintiffs, having met their burden of persuasion initially in order to receive the preliminary injunction, must again convince the court of its necessity in order to appeal the court's judgment. Rather it remains incumbent upon the Defendant to persuade the court that the injunction is unnecessary and should be reconsidered or dissolved."). In the instant case, the court will not allow Defendant-Intervenor, which is attempting to modify the 2007 Injunction to effectively shift the burden to the Plaintiff to reprove the factors for preliminary injunction that have previously been proven to the court's satisfaction. Rather, the court needs only to examine whether the Defendant-Intervenor has raised circumstances which effectively justify a rehearing

of its prior determination. [2]

## B
## The Court Has the Authority to Maintain the 2007 Injunction Even if the Threat of "Irreparable Harm" Is Not as Imminent as First Presented

The court has the power to grant an injunction even in the absence of a strong "irreparable harm" showing. The court is entitled to employ a "sliding scale" in regards to the valuation of the four Zenith factors, Chilean Nitrate Corp v. United States, 11 CIT 538, 539 (1987), and consequently need not assign to each factor equal weight, FMC Corp., 3 F.3d at 427. None of the Zenith factors, "taken individually must necessarily be dispositive in the court's analysis." See Id. at 427; the weakness of the showing regarding one factor may be overborne by the strength of others. Id. Thus, while the court is within its rightful discretion to issue a preliminary injunction even if there is a less immediate finding of irreparable harm, Plaintiff has demonstrated the immediacy of harm in a manner sufficient to this court.[3] See Plaintiff's Response to Thai I-Mei's Motion to Modify Preliminary Injunction ("Plaintiff's Response') at 7-9.

---

2 While Defendant-Intervenor's Motion to Modify is analyzed below for "changed circumstances" it is also, in effect, a Rule 60(b) Motion for Relief from Judgment or Order for Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. It does not rise to these standards, since as discussed below, the mistake alleged is at most de minimis, if it is an error at all.

[3] Plaintiff and Defendant have submitted comments on the Remand Results issued by the Department of Commerce in the case Thai I -Mei Frozen Foods Co. Ltd v. United States, CIT Court No. 05-00197. The court will either affirm the determination or will remand the decision back to the Department of Commerce. If the decision is remanded, the 2005 Injunction will remain in place. However, if the decision is affirmed, the 2005 Injunction will be lifted; Defendant-Intervenor's entries in that case will be liquidated, and Plaintiff will be irreparably harmed.

## C
## Defendant-Intervenor Has Not Met Its Burden of Proving "Changed Circumstances" to Warrant a Modification of the 2007 Injunction.

The court has inherent power and discretion to modify injunctions for changed circumstances." Aimcor, 23 CIT at 938 (citing Sys. Fed'n No. 91 v. Wright, 364 U.S. 642, 647, (81 S. Ct. 368) 5 L. Ed. 2d 349 (1961)). However, the party challenging the preliminary injunction or seeking to modify it must prove that the injunction "is unnecessary and should be reconsidered or dissolved." SKF, 316 F. Supp.2d at 1334. Accordingly, in order to succeed in obtaining a modification of the 2007 Injunction, Defendant-Intervenor must establish a change in circumstances of the parties from the time the injunction was issued that would make the modification necessary. Additionally, the party seeking to modify a preliminary injunction bears the burden of establishing a change in circumstances that would make continuation of the original preliminary injunction inequitable. SNR Roulements v. United States, 521 F. Supp. 2d 1395, 1398 (CIT 2007) (citing Favia v. Ind. Univ. of Pa., 7 F.3d at 340). The Defendant-Intervenor has failed to effectively prove the necessary elements required for a modification of the 2007 Injunction.

While this court has the discretion to modify injunctions, it will not modify the 2007 Injunction because Defendant-Intervenor has not established (1) a changed circumstance of either Plaintiff or Defendant-Intervenor, or (2) that the 2007 Injunction is unnecessary to protect Plaintiff from harm that would occur upon liquidation of Defendant-Intervenor's entries covered under the 2005 injunction. Defendant-Intervenor does not address or support in its Motion to Modify (1) an argument that a change in either party's circumstance has made or would make the 2007 Injunction inequitable to Defendant-Intervenor or (2) that without the modification of

the November 26, Preliminary Injunction Defendant-Intervenor will suffer commercial harm. See Defendant-Intervenor's Motion to Modify at 2-5. In fact, <u>Defendant-Intervenor admits in its Reply that it will "not suffer commercial harm if its Partial Consent Motion is denied."</u> Defendant-Intervenor's Reply at 1 (emphasis added).

Plaintiff, in contrast, addressed in its Response the probability that Defendant-Intervenor's case (<u>Thai I-Mei Frozen Foods Co., Ltd. v. United States</u>, CIT Court No.05-00197) will be completed before the instant case. Plaintiff's Response to Thai I-Mei's Motion to Modify Preliminary Injunction ("Plaintiff's Response") at 7-9. If the 2005 Injunction issued in that case dissolves while this case is still being litigated, the statutory scheme requires that Defendant-Intervenor's entries from the first period of review be liquidated in accordance with Commerce's final determination under challenge in this case unless those entries are included the November 26 Preliminary Injunction. See 19 U.S.C. §1516(a)(c)(1)-(2). Plaintiff's Response at 6-7. Accordingly, Plaintiff has demonstrated the immediacy of injury/harm that could arise from a modification of the 2007 Injunction to exclude Defendant-Intervenor's entries and Defendant-Intervenor has not met the required burden to receive a modification of the November 26 Preliminary Injunction.

### D
### The 2007 Injunction and the 2005 Injunction Are Different in Scope and Application and Are Not Duplicative

Plaintiff's failure to raise the 2005 Injunction was largely immaterial because the 2005 Injunction and the 2007 Injunctions are not identical in their scope and coverage of entities, and are not overlapping, as Defendant-Intervenor asserts. Defendant-Intervenor's Motion to Modify at 3-5. The 2007 Injunction is broader in its application than the 2005 Injunction. Contrary to

Defendant-Intervenor's arguments, Defendant has not been enjoined twice from liquidating the same entries. Under the statutory scheme, 19 U.S.C. §1516(a)(c)(1)-(2), Defendant has been preliminarily enjoined from liquidating certain entries in accordance with the final determination of the LTFV investigation, and has separately been preliminarily enjoined from liquidating certain entries in accordance with the final results of the first administrative review. See Plaintiff's Response at 6. The 2007 Injunction enjoins from liquidation any unliquidated entries of certain frozen warmwater shrimp from Thailand that: (1) are covered by the Final Results, 72 Fed. Reg. 52,065; (2) were entered or were withdrawn from warehouse, for consumption on or after August 4, 2004 through and including January 31, 2006; and (3) were produced and or exported by Good Luck Product Co., Ltd., Thai I-Mei Frozen Foods Co., Ltd.,(Defendant-Intervenor), Fortune Frozen Foods (Thailand) Co., Ltd., and Surapon Nichirei Foods Co., Ltd. 11/26/07 Order Granting Consent Motion for Preliminary Injunction at 1-2. The 2005 Injunction enjoins the liquidation of all entries that: (1) are covered by Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp from Thailand, 70 Fed Reg. 5,145 (Feb. 1, 2005); (2) were produced or exported by Defendant-Intervenor; and 3) were entered or withdrawn from warehouse for consumption on or after August 4, 2004. Thai I-Mei Frozen Foods Co., Ltd. v. United States, Ct No. 05-00197 Order Granting Plaintiff Thai I-Mei's Motion for Preliminary Injunction (December 15 2005) The 2005 Injunction is narrower in its scope and application than the 2007 Injunction. While there are some overlapping entries, they are not all the same. The 2007 Injunction applies to a number of producers/exporters, including Defendant-Intervenor, while the 2005 Injunction applies only to Defendant-Intervenor. In its Motion, Defendant-Intervenor

argues that the same Thai I-Mei entries are already enjoined during the period of review covered by the administrative proceedings giving rise to the underlying action. Defendant-Intervenor's Motion to Modify at 2. Defendant-Intervenor relies on <u>Combined Ins. Co. of Am. v. Blackwell</u>, 1998 U.S. Dist. LEXIS 7483 at 2 (S.D. Ala. May 18, 1998), for its proposition that "a court cannot enjoin an action that is already enjoined". Defendant-Intervenor's Motion to Modify at 2. This case is inapposite here both because the 2005 and the 2007 Injunctions are not identical and thus, are not duplicative, and because <u>Combined Ins. Co. of Am.</u> is not precedential.

## IV
## CONCLUSION

For these reasons, Defendant-Intervenor's Partial Consent Motion to Modify Preliminary Injunction is DENIED.

        ___/s/ Evan J. Wallach___
        Evan J. Wallach, Judge

Dated: June 13, 2008
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | | |
|---|---|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | : | | |
| | : | | |
| Plaintiff, | : | Before: | WALLACH, Judge |
| | : | Consol. Court No.: | 07-00378 |
| v. | : | | |
| UNITED STATES, | : | | |
| Defendant, | : | | |
| and | : | | |
| THAI I-MEI FROZEN FOODS CO., LTD., et al., | : | | |
| Defendant-Intervenors. | : | | |

## ORDER AND JUDGMENT

Upon consideration of the Partial Consent Motion to Modify Preliminary Injunction filed by Defendant-Intervenor Thai I-Mei Frozen Foods Co., Ltd. ("Motion to Modify"), the court having reviewed all papers and pleadings on file herein, and after due deliberation, having reached a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED and DECREED that Defendant-Intervenor's Motion to Modify is DENIED; and it is further

      ORDERED that all parties shall review the court's Opinion in this matter and notify the court in writing on or before Friday, June 20, 2008, whether any information contained in the Opinion is confidential, identify any such information, and request its deletion from the public version of the Opinion to be issued thereafter.  The parties shall suggest alternative language for any portions they wish deleted.  If a party determines that no information needs to be deleted, that party shall so notify the court in writing on or before June 20, 2008.

                                                    _/s/ Evan J. Wallach___  
                                                    Evan J. Wallach, Judge

Dated:        June 13, 2008  
                New York, New York

## NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____    By: _____
                                                                                        Deputy Clerk